■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN MOYE, Appellant.—Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered August 21, 1987, convicting defendant, on his plea of guilty, of robbery in the second degree and sentencing him to an indeterminate term of imprisonment of 4 to 8 years, as a violent predicate felony offender, the sentence to run consecutive to a sentence imposed by the Supreme Court, Bronx County (Edward Davidowitz, J.), rendered on January 12, 1988, unanimously affirmed.

The defendant pleaded guilty to robbery in the second

degree in exchange for a promised sentence of 4 to 8 years, pending the court's review of the probation report. At sentencing, the defendant unsuccessfully sought to withdraw his plea. Defendant was found to be a violent predicate felon, and the court enforced the promised sentence of 4 to 8 years to run consecutive to the sentence from a pending case in the Bronx.

On appeal the defendant argues that his motion to withdraw his plea should have been granted, and that he was misadvised by his lawyer that the sentences from the two separate cases were to run concurrently, not consecutively. The record clearly shows that the plea was knowing and voluntary, and that nowhere was the defendant promised concurrent sentences. The court properly exercised its discretion in denying the defendant's motion to withdraw his plea. A defendant cannot dispute a plea of guilty where there is no claim the plea was entered involuntarily and where the court conducted a thorough examination of the defendant who acknowledged his guilt. *(People v Cornett,* 45 AD2d 778.) Further, defendant's argument concerning the performance of counsel was not raised prior to sentencing and no ineffectiveness appears on the face of the record now submitted. Concur —Murphy, P. J., Sullivan, Carro, Milonas and Rubin, JJ.